IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JEFFREY E. MOLLOHAN,

    Plaintiff,

v.  Case No. 2:21-cv-00300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA and
KANAWHA COUNTY,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I.    STANDARD OF REVIEW*

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A similar screening is conducted of complaints filed by a plaintiff who is proceeding *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court

observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

## II. ANALYSIS

Plaintiff's complaint names the "United States District Court Southern District of West Virginia" and "Kanawha County" as defendants. The complaint alleges as follows:

> I was charged in Kanawha Co. for prohibited person and later indicted by the Southern District for unlawful transport of firearms. I was held for nearly 5 months without bond and my charges were dismissed. Case No. 2:19-cr-00142-1.

(ECF No. 2 at 4).[1] As relief, Plaintiff seeks only "financial compensation for lose [sic] of liberty, attorney fees, and living expenses while incarcerated." (*Id.* at 5).

---

[1] A review of Plaintiff's federal criminal docket sheet, of which this court may take judicial notice, indicates that Plaintiff was indicted by a federal grand jury on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), on May 29, 2019. *United States v. Mollohan*, No. 2:19-cr-00142-1, ECF No. 1. He was arrested on June 28, 2019. *Id.*, ECF No. 13. On July 3, 2019, Plaintiff was detained pending trial by United States Magistrate Judge Omar J. Aboulhosn. *Id.*, ECF No. 14. On September 23, 2019, Plaintiff, by counsel, filed a Motion to Suppress Evidence Seized on May 17, 2018. *Id.*, ECF No. 28. Following full briefing of the motion and an evidentiary hearing thereon, on October 15, 2019, United States District Judge Irene C. Berger granted the motion to suppress the firearms evidence that served as the basis of Plaintiff's criminal charges. *Id.*, ECF No. 50. On October 17, 2019, the United States filed a Notice of Dismissal of the charges. *Id.*, ECF No. 52. On October 18, 2019, Judge Berger issued orders dismissing the charges without prejudice and directing that Plaintiff be released from custody. *Id.*, ECF No. 53, 55.

3

Plaintiff's complaint does not allege a constitutional or other legal foundation for his claims for relief. However, liberally construing the complaint, as this court must, it appears to allege a claim against the defendants potentially grounded in malicious prosecution, which would be actionable in federal court, if at all, under the Fourth Amendment of the United States Constitution. Nonetheless, the complaint fails to state a plausible claim for relief against either defendant.

A. *Claim against Kanawha County.*

Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. To successfully establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988).

However, political subdivisions or other local governmental entities, such as a county, are not "persons acting under color of state law" and cannot be held liable for the constitutional torts of their employees under a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, such entities may only be held liable where the alleged constitutional violation is attributable to an official policy or custom implemented by the political subdivision. The Fourth Circuit has held that a plaintiff is required to establish the following three elements to demonstrate *Monell*

4

liability: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Belcher v. Oliver*, 898 F.2d 32, 36 (4th Cir. 1990); *see also Loftus v. Kanawha Cty. Sheriff's Dep't*, No. 2:18-cv-01345, 2021 WL 2419449, at *2 (S.D.W. Va. May 19, 2021), *report and recommendation adopted*, 2021 WL 2418575 (S.D.W. Va. June 14, 2021). Plaintiff's complaint contains no such allegations. Therefore, it fails to state a plausible claim under § 1983 against Kanawha County.

  B. *Claim against the United States District Court.*

Likewise, the United States District Court, which is a federal entity, is not a person acting under color of state law. Thus, Plaintiff cannot assert a § 1983 claim against the United States.

Nor does the complaint state any plausible claim for relief pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* creates an implied cause of action for damages against federal officials similar to the cause of action § 1983 provides against state officials. However, *Bivens* only applies to claims against individual federal officials, while such claims against the United States and its agencies are barred by sovereign immunity. *See Barnes v. Barnes*, No. 20-cv-00935 WJ/JHR, 2021 WL 3472161, at *4 (D.N.M. Aug. 6, 2021) (dismissing claim against United States District Court for lack of subject matter jurisdiction due to sovereign immunity); *see also FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Greenlee v. U.S. Postal Service*, 247 F. App'x 953, 955 (10th Cir. 2007) (sovereign immunity bars suit against federal agencies).

Moreover, a *Bivens* action must be premised upon the personal involvement of individual federal officers or employees, and Plaintiff's complaint does not identify any

5

individual federal officers or make any specific allegations of conduct by any individual federal officers. To the extent that Plaintiff may seek to amend his complaint to name either the federal judges involved in his criminal case or the federal prosecutors who sought the charges against him, such amendments would be futile because both the judicial officers and the prosecutors would be entitled to absolute immunity for their roles in those judicial proceedings. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (judicial officers are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process."); *Lyles v. Sparks*, 79 F.3d 372, 376 (4th Cir. 1996). Thus, Plaintiff's complaint fails to state a plausible claim for relief under *Bivens* and any amendment of Plaintiff's complaint herein would be futile.

## III.   RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a plausible claim upon which relief can be granted against the defendants and it appears that any potential amendments thereof would be futile. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days

(service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

October 27, 2021

Dwane L. Tinsley
United States Magistrate Judge